```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 13-22811-Civ-MORENO
                                      (12-20787-Cr-MORENO)
                              MAGISTRATE JUDGE P. A. WHITE

RANDOLPH CARRILLO JIMENEZ,    :

     Movant,                  :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

     Respondent.              :
_____
```

## I. Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, challenging the lawfulness of his sentence following a guilty plea entered in Case No. 13-20787-Cr-Moreno.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion to vacate (Cv-DE# 1), the government's response to an order to show cause with attached exhibits, which includes copies of the transcripts of the change of plea proceeding and sentencing (Cv-DE# 7, 7-1, 7-2), the Presentence Investigation Report ("PSI") and Addendum thereto, and all pertinent portions of the underlying criminal file. Carrillo Jimenez has not filed a reply.

## II. Claim

Carrillo Jimenez claims that the 36-month sentence imposed by this Court was substantively unreasonable, because it exceeded by

eighteen months the government's recommended sentence which was at the low-end of the sentencing guidelines.

### III. Facts of the Criminal Offense[1]

On September 24, 2012, agents of the U.S. Customs and Border Protection ("CBP"), Miami Marine Unit, observed a vessel heading westbound toward the United States from the Bahamas. The CBP agents intercepted the target vessel within approximately eleven nautical miles of Florida. After the CBP agents activated the blue lights and sirens on their law enforcement vessel, the target vessel stopped without use of force and was boarded without incident. The operator of the vessel was identified as Junior Vita Lastra, a Cuban national. Randolph Carrillo Jimenez, also a Cuban national, was identified as a crewman. Both Vita Lastra and Carrillo Jimenez are legal permanent residents of the United States. A third male was observed lying down in the cockpit of the vessel. Five other males were discovered in the cabin of the target vessel. These six males were all identified as Jamaican nationals, none of whom had permission to come to or enter the United States. Four of the Jamaican nationals had previously been deported or removed from the United States and did not have permission to reenter. Interviews of some of the nationals confirmed that they had paid an intermediary and were being brought to the United States by Vita Lastra and Carrillo Jimenez. A GPS system was found onboard the boat. Pursuant to a federal search warrant, a search of the GPS system confirmed that on September 24, 2012, the boat had left the Bahamas en route to the United States.

### IV. Procedural History

#### A. Indictment and Change of Plea Proceedings

---

[1] A recitation of the facts of this case have been obtained from the factual proffer stipulated as accurate during the change of plea proceeding; see Transcript of Change of Plea proceeding conducted on November 29, 2012, at 50-2 (DE# 7-1), and the Presentence Investigation Report at ¶¶3-6.

On October 9, 2012, Carrillo Jimenez, along with five co-defendants, were charged in a fourteen-count Indictment. See Indictment. (Cr-DE# 11). Specifically, Carrillo Jimenez was charged with conspiracy to encourage and induce an alien to enter the United States, in violation of 8 U.S.C. §1324(a)(1)(A)(v)(I) (Count 1); encouraging and inducing an alien to enter the United States, in violation of 8 U.S.C. §1324(a)(1)(A)(iv) (Counts 2-7); and aiding and assisting certain aliens to enter the United States, in violation of 8 U.S.C. §1327 (Counts 8-10). Id. On November 29, 2012, Carrillo Jimenez appeared before the Court to change his earlier entered plea of not guilty to guilty to the crime charged in Count 1 of the Indictment. See Transcript of Change of Plea proceeding conducted on November 29, 2012. (Cv-DE# 7-1). Carrillo Jimenez had not entered into a written plea agreement with the government and the plea was an open plea to the Court. Id. at 12-3. After Carrillo Jimenez had been sworn, a full plea colloquy conducted pursuant to Fed.R.Crim.P. 11 was conducted by the Court. Id. at 11-15, 50-55. During the change of plea, the Court fully advised Carrillo Jimenez that he had a right to proceed to trial before a jury and that by entering the guilty plea he was waiving all his constitution rights associated with a jury trial and his right to take a direct appeal from his conviction. Id. at 11-2. Carrillo Jimenez told the Court that he understood. Id.

Before accepting the plea, the Court informed Carrillo Jimenez that pursuant to his guilty plea, he could be sentenced to a term of imprisonment up to ten years and a term of supervised release of three years. Id. at 53. The Court advised Carrillo Jimenez regarding the computation of his sentence pursuant to the advisory sentencing guidelines and that the Court could sentence him to a term of imprisonment above or below the suggested sentence. Id. at 15, 53. Carrillo Jimenez told the Court that he understood what was just explained with regard to his sentence. Id. Carrillo Jimenez

3

was further advised that if the Court sentenced him to a term of imprisonment above the maximum sentence, he had the right to take an appeal from that sentence. Id. When asked by the Court if he understood the possible sentence that could be imposed and his appellate rights, he answered in the affirmative. Id. The Court then accepted the guilty plea as freely, voluntarily and intelligently entered with the assistance of competent counsel with whom Carrillo Jimenez expressed satisfaction. Id. at 54-5. The Court, therefore, found Carrillo Jimenez guilty of the crime charged in Count 1 of the Indictment and adjudicated him guilty of that offense. Id.

B. Presentence Investigation Report and Addendum thereto, Objections to Presentence Report and Sentencing

The Probation Officer determined that Carrillo Jimenez's base offense level was 12 pursuant to the U.S.S.G. §2L1.1(a)(3) in that the offense involved alien smuggling. See PSI at ¶12. Because the offense involved six to twenty-four unlawful aliens, the base offense level was increased by three-levels pursuant to U.S.S.G. §2L1.1(b)(2)(A). Id. at ¶13. The base offense level was increased by an additional two levels pursuant to U.S.S.G. §2L1.1(b)(3)(A), because Carrillo Jimenez committed the instant offense after sustaining a conviction for a felony immigration and naturalization offense. Id. at ¶14. With no victim-related adjustment or adjustment for his role in the offense, Carrillo Jimenez had an adjusted base offense level of 17. Id. at ¶¶15, 16, 18. After the Probation Officer received Carrillo Jimenez's Objections to the PSI and after conferring with the government, the Probation Officer applied a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), (b), giving Carrillo Jimenez a total offense level of 14. Id. at ¶¶20-2. See also Addendum to the Presentence Report; Defendant's Objections/Corrections to Presentence Investigation Report (Cr-DE# 81).

4

Carrillo Jimenez had two criminal history points and a criminal history category of II. ¶25. Based upon a total offense level of 14 and a criminal history category of II, the sentencing guidelines range was 18 to 24 months' imprisonment. <u>Id</u>. at ¶50. The statutory term of imprisonment was zero to ten years per alien pursuant to 8 U.S.C. §1324(a)(1)(B)(i). <u>Id</u>. at ¶49. Carrillo Jimenez faced a term of supervised release of not more than three years. <u>Id</u>. at ¶¶51, 52.

Sentencing proceedings were conducted on November 19, 2010. <u>See</u> Transcript of Sentencing Hearing conducted on November 19, 2010. (Cv-DE# 9-4). The government recommended a sentence of twenty-four months' imprisonment. <u>Id</u>. at 8. The government pointed out to the Court that had Carrillo Jimenez been convicted of the crimes charged in Counts 8-10 of the Indictment, aiding and assisting certain aliens to enter the United States, in violation of 8 U.S.C. §1327, the advisory sentencing guidelines range would have, instead, been 70 to 87 months' imprisonment. <u>Id</u>. at 9. When the Court asked why Carrillo Jimenez had not been convicted of the §1327 offenses, the government responded: "Your Honor, quite frankly, it was my misreading of the relevant conduct guideline and I agreed to allow the defendant only to plead guilty to the conspiracy, and again, it was my complete misreading of the Chapter 1 relevant conduct guidelines." <u>Id</u>. When the Court asked trial counsel what he believed was the appropriate sentence, counsel answered that the defense requested sentencing at the low end of the guidelines range, although acknowledging that Carrillo Jimenez had committed the offense of conspiracy to smuggle illegal aliens previously. <u>Id</u>. Trial counsel noted that that earlier crime had been taken into consideration by the Probation Officer when arriving at the sentencing guidelines range. <u>Id</u>. The Court expressed concern that the advisory sentencing guidelines range did not adequately take into consideration all relevant factors in this

5

particular case. Id. at 9-10. Carrillo Jimenez declined to address the Court before the sentence was imposed. Id. at 10, 11.

The Court then went on to sentence Carrillo Jimenez to a term of imprisonment of thirty-six months to be followed by a term of supervised release of five years. Id. at 11-2. The Court provided the following reasons for its sentence which exceeded the advisory sentencing guidelines range, stating as follows:

> All right. Well, you know, this is the problem I have. The guidelines do call for 18 to 24 months, and certainly, the top of the guidelines by a lot of people might be reasonable, but I am concerned with the fact that in 2008, February of 2008, five years ago, he pled guilty and received six months for the exact same case. Looking at that and looking at his employment history, where he's been a street vendor and really hasn't contributed much to our society since arriving here from Cuba in the year 2000, and most importantly, because he's the smuggler, I think a smuggler should receive a higher sentence than the smugglee, and it would not be appropriate – – Under 3553(a) it would result in a disparate sentence when the person who's bringing in the passengers gets less than the passengers, particularly when the person who's bringing them in has done it before and was sentenced in the same federal courthouse.
>
> Because of that, I'm going to give him a three-year sentence, which is 12 months more than the top of the guidelines. Therefore, it is the judgment of this Court that you, Randolph Carrillo Jimenez, be committed to the custody of the Bureau of Prisons for a period of 36 months. Upon release from imprisonment, you'll be placed on supervised release for 5 three years. It is a sentence, an upward variance, but for the reasons that I've just stated; that a smuggler should receive more than the smugglee, and because you're a recidivist and committed the exact same offense. Had you committed a different type of offense, the guidelines would also show that, but because it's the exact same offense, in the same district, also the employment record, putting all those factors together, I think it's a reasonable sentence. Three years supervised release, no fine, $100 special assessment.

Id. at 11-2. The Court next stated that if Carrillo Jimenez wanted to appeal the upward variance sentence imposed, he must do so within fourteen days. Id. at 12. Trial counsel responded that he understood. Id. Before concluding the proceeding, the Court

6

commented: "By the way, I probably would have given him a lot more, 10 years, had he not shown, barely shown acceptance of responsibility." Id. at 12. Counts 2-10 of the Indictment were dismissed. See Judgment. (Cr-DE# 95).

### C. Direct Appeal and §2255 Proceeding

Carrillo Jimenez did not file a Notice of Direct Appeal. On July 29, 2013,[2] Carrillo Jimenez filed the instant pro se motion to vacate pursuant to 28 U.S.C. §2255. (Cr-DE# 117; Cv-DE# 1). The government has filed a response to the motion with supporting exhibits, asserting that Movant is not entitled to §2255 relief in that his sentence challenge is procedurally barred and/or meritless.[3] (Cv-DE# 7).

## V. Applicable Principles of Law

### A. Standard of Review

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255.

### B. Procedural Bar

It is well-established that a §2255 motion may not be a surrogate for a direct appeal. See United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). See also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004); Mills

---

[2]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3]The government appropriately does not challenge the timeliness of the initial motion to vacate. See 28 U.S.C. §2255(f).

7

v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Based upon this principle that §2255 review is not a substitute for a direct appeal, the following general rules have developed: (1) a defendant must assert all available claims on direct appeal, Mills, 36 F.3d at 1055; and (2) "[r]elief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)(*quoting* United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)).[4]

Thus, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a §2255 proceeding. Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003)(reaffirming that "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). See also McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); Jones v. United States, 153 F.3d 1305, 1307 (11th Cir. 1998); Mills, 36 F.3d at 1055; Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). This rule generally applies to all claims, including constitutional claims. See Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) ("Where the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation." (internal quotation marks, punctuation, and citations omitted)); see also

---

[4]The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981, and all Fifth Circuit Unit B decisions rendered after October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

United States v. Frady, 456 U.S. 152 (1982); Wainwright v. Sykes, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)(applying cause and prejudice standard to constitutional claims).

A movant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a movant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); Mills, 36 F.3d at 1055; Cross v. United States, 893 F.2d 1287, 1289 (11th Cir.1990); Greene, 880 F.2d at 1305; Martorana v. United States, 873 F.2d 283, 284 (11th Cir. 1989); Parks v. United States, 832 F.2d 1244, 1246 (11th Cir. 1987). Under the second exception, a court may allow a movant to proceed with a §2255 motion despite his failure to show cause for procedural default if "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Mills, 36 F.3d at 1055 (quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); see also Bousley, 523 U.S. at 622, 118 S.Ct. at 1611; Jones, 153 F.3d at 1307.

### C. Evidentiary Hearing

An evidentiary hearing must be held on a §2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255(b). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the

9

record. See Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous"). For the reasons stated herein, the sole claim raised here is procedurally barred from collateral review and clearly without merit. Consequently, no evidentiary hearing is required. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979).

## VI. Discussion

Carrillo Jimenez did not prosecute a direct appeal from his conviction and sentence and, therefore, the sentence challenge raised in this §2255 proceeding is procedurally barred from collateral review unless Carrillo Jimenez can overcome the procedural bar. He has not alleged actual innocence and since the narrow actual innocence exception is clearly inapplicable to this case, it must be determined whether Carrillo Jimenez has shown cause and prejudice for not raising his §2255 sentence challenge on direct appeal. Cause for a procedural default exists when the default has resulted from some objective factor external to the defense that cannot be fairly attributable to the defendant's own conduct. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Prejudice results when the alleged error works to the defendants actual and substantial disadvantage, such that it undermines the integrity of the entire proceeding. Frady, 456 U.S. at 170.

Ineffective assistance of counsel may satisfy the cause exception to a procedural bar. United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000), citing, Greene, 880 F.2d at 1305. In order to do so, however, the claim of ineffective assistance must have merit. Id. To determine whether it does, the court must decide whether the arguments the defendant alleges his counsel failed to

10

raise were significant enough to have affected the outcome of his appeal. Nyhuis, 211 F.3d at 133, *citing*, Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988). While Carrillo Jimenez is apparently attempting to escape the procedural bar by raising a claim of ineffective assistance of counsel,[5] albeit in the most cursory of ways, he is unable to do so since his claim of ineffective assistance of counsel is not meritorious pursuant to the well-established standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[6]

Here, Carrillo Jimenez alleges that this Court erred when it ignored the government's recommended sentence of 18 months'

---

[5] Carrillo Jimenez states as follows in his §2255 motion when explaining why the subject issue had not been presented on direct appeal: "I thought that my attorney had filed a Notice of Appeal, however, I discovered he had not." See Motion to Vacate at 5. (Cv-DE# 1). It is apparent that this assertion has been made by Carrillo Jimenez to escape the procedural default and not as an independent substantive claim that trial counsel filed to pursue a direct appeal, as he had requested. Accordingly, contrary to the assertion of the government, the principles established in Roe v. Flores-Ortega, 528 U.S. 470 (2000) are not applicable to this case and no evidentiary hearing is warranted.

[6] To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to succeed on an ineffective assistance of counsel claim, both prongs of the *Strickland* standard must be satisfied. Accordingly, if the movant makes an insufficient showing on the prejudice prong, the court need not address the performance prong, and *vice versa*. Strickland, 466 U.S. at 697, 104 S.Ct. 2069 (explaining a court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs); Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000). To establish deficient performance, the petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. Strickland, supra. See also Cummings v. Secretary for Dept. of Corrections, 588 F.3d 1331, 1356 (11th Cir. 2009)("To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place.")(internal quotation marks omitted). Regarding the prejudice component, the Supreme Court has explained "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Id. at 693. He must show that the result would have been different. See id. See also Knowles v. Mirzayance, 556 U.S. 111, 127-28, 129 S.Ct. 1411, 1422, 173 L.Ed.2d 251 (2009).

imprisonment, a sentence at the low-end of the advisory sentencing guidelines, and instead imposed an upward variance sentence of 36 months. See Motion to Vacate at 5. (Cv-DE# 1). Before proceeding to discuss the claim raised, it is first noted that Carrillo Jimenez is mistaken as to the government's sentence recommendation. The government recommended a sentence of twenty-four months, at the high end of the movant's guidelines range. See Transcript of Sentencing Proceedings conducted on February 6, 2013, at 8-9 (Cv-DE# 7-2).

It is axiomatic, as maintained by the government, that a party's sentencing recommendation to the Court is simply that, a recommendation. As indicated from the above-review of the record, there was no written plea agreement entered into with the government and no agreed-upon sentence. The Court clearly advised Carrillo Jimenez at the change of plea proceeding that pursuant to his guilty plea, he could be sentenced to a term of imprisonment up to ten years and a term of supervised release of three years and that he could receive a sentence above or below the advisory sentencing guidelines range. Carrillo Jimenez told the Court that he understood the sentence that could be imposed. Such sworn statements made in connection with the entry of the guilty plea carry a strong presumption of truthfulness and pose a formidable barrier in subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136(1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5th Cir. Unit B. 1981).

Further, neither due process nor any other provision of law required the Court in this matter to follow either party's recommendation. Nor was there any constitutional error in the Court having sentenced the movant above the guidelines range. The sentencing guidelines are advisory, therefore, the sentencing court has the discretion under 18 U.S.C. §3553(a) to sentence the

defendant above the advisory guidelines, so long as that sentence does not exceed the statutory maximum penalty. See United States v. Booker, 542 U.S. 220, 245 (2005)(after "rendering the Guidelines effectively advisory," federal law "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well" (internal citations omitted)). Here, the Court properly exercised its discretion to impose a sentence above the sentencing guidelines range and provided clear and detailed reasons for doing so, as quoted above. This Court's sentence was lawful and well below the statutory maximum of ten years' imprisonment. 8 U.S.C. §1324(a)(1)(B)(i).

Carrillo Jimenez cannot establish his sentence was substantively unreasonable. See United States v. Gari, 2013 WL 5692917, *3 (11th Cir. 2013)(unpublished)(affirming upward variance sentence after holding that district court had not abused its discretion or committed clear error in judgment when determining that upward variance of 36 months from advisory guidelines sentence was justified by particular facts of case and number of the §3553(a) factors, including nature and scope of alien smuggling offense, circumstances surrounding offense, and need to promote respect for the law and adequately deter similar criminal conduct by defendant and others).

Thus, Carrillo Jimenez's claim of ineffective assistance of counsel fails, because he has not shown that his counsel's performance affected the outcome of his appeal. Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988). Stated differently, if the subject claim had been raised on direct appeal, it would not have

been successful.[7] See e.g., Gari, 2013 WL 5692917, *2-3. The undersigned notes that if not for the government's error, which it acknowledged during sentencing, Carrillo Jimenez would have most likely been convicted of the crimes charged in Counts 8-10 of the Indictment, aiding and assisting certain aliens to enter the United States, in violation of 8 U.S.C. §1327, and would have then been subject to the advisory sentencing guidelines range of 70 to 87 months' imprisonment. He clearly benefitted from the government's mistake in that his sentence of 36 months' imprisonment was well-below that possible sentencing guidelines range. Also, his sentence was well-below the sentence he could have received if he had not entered a guilty plea and had, instead, proceeded to trial on any or all the crimes charged in the Indictment (i.e., a ten-year term of imprisonment). See Transcript of Sentencing Hearing conducted on November 19, 2010, at 12. (Cv-DE# 9-4).

For all these reasons, trial counsel's performance was not deficient when he did not challenge the instant sentence as

---

[7]The Eleventh Circuit stated as follows in *Gari* with regard to review on direct appeal of a claim that the sentence imposed was not substantively reasonable:

> We typically review the substantive reasonableness of a sentence, whether within or without the advisory guidelines range, for an abuse of discretion in light of the totality of the circumstances and with specific reference to the § 3553(a) sentencing factors. *See* United States v. Irey, 612 F.3d 1160, 1188-90 (11th Cir. 2010)(en banc). Those factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendants; (3) the need to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; and (4) the applicable guidelines sentence. 18 U.S.C. §3553(a). A variance from the applicable guidelines sentence must be supported by a "sufficiently compelling" justification, though we "must give due deference to the district court's decision that the §3553(a) factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 50-51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the §3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted).

United States v. Gari, 2013 WL 5692917, *2 (11th Cir. 2013)(unpublished).

substantively unreasonable. And, even if deficient, Carrillo Jimenez suffered no prejudice from counsel's inaction. See Strickland, supra. Consequently, Carrillo Jimenez's claim is procedurally barred in this §2255 proceeding, although Carrillo Jimenez effectively obtained review of the merits of his sentence challenge in the context of his claim of ineffective assistance of counsel, since both are predicated on the same facts.

## VII. Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2255 Proceedings, Rule 11(b), 28 U.S.C. foll. §2255.

After review of the record, Movant is not entitled to a certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claim raised is procedurally barred and/or without merit, Movant cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2255 Proceedings, Rule

11(a), 28 U.S.C. foll. §2255: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VIII. Recommendations

Movant has failed to demonstrate that his sentence is unlawful, entitling him to relief. It is therefore recommended that this motion to vacate be DENIED, and no certificate of appealability should issue.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 31st day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Randolph Carrillo Jimenez, Pro Se
    Reg.No. 39318-004
    Federal Detention Center
    P. O. Box 019120
    Miami, FL 33101-9120

    Alexandra Hui, AUSA
    U.S. Attorney's Office
    500 South Australian Avenue, Suite 400
    West Palm Beach, Florida 33401